# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JAMIE RANDOLPH                                                               PLAINTIFF

V.                                                        NO: 4:06CV105-P-B

CHRISTOPHER B. EPPS, ET AL.                                    DEFENDANTS

## REPORT AND RECOMMENDATION

On November 1, 2006, the *pro se* plaintiff, Jamie Randolph, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Plaintiff is a state inmate currently confined at the Mississippi State Penitentiary in Parchman, Mississippi. The Complaint alleges plaintiff injured his ankle while playing basketball on September 19, 2005. Plaintiff's left ankle was badly swollen and was x-rayed the same day. By October 26, 2005, plaintiff's ankle had been x-rayed three times. He complains that he suffered swelling for 81 days before he was put in a cast on December 8, 2005. Because the ankle continued to swell, the cast had to be removed after only 18 days. Plaintiff claims he went in to see Dr. Bearry in January 2006, and Dr. Bearry "did not touch" his foot.

Plaintiff's medical records indicate he suffered a severe sprain. Since his injury, he has had multiple X-rays and has received a course of treatment including medication and physical

therapy. Plaintiff has also been provided crutches. Nonetheless, at the hearing, plaintiff testified he is still having problems with swelling in his foot.

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle*, 429 U.S. at 105; nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference, *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985).

Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir.1991); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)("negligent medical care does not constitute a valid section 1983 claim."). Further, medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995).

Plaintiff has failed to state a constitutional claim for denial of medical treatment. His medical records are replete with instances where prison medical staff administered treatment for his ankle. The plaintiff in this case is simply (yet understandably) dissatisfied with the outcome of his treatment. Based on the foregoing, it is my recommendation that the Complaint be

dismissed for failure to state a claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 3rd day of November, 2006.

/s/ Eugene M. Bogen
**UNITED STATES MAGISTRATE JUDGE**